EDWARDS, Judge.
Roy E. Pennington, Jr., brought suit against Wilfred Barnhill, individually and as administrator of the estate of Brian A. Barnhill, Maryland Casualty Company, David F. Boudreaux, Henry P. Boudreaux, and National General Insurance Company.
Plaintiff alleged that on March 29, 1980, the automobile which he was driving was negligently struck from the rear by an automobile driven by Brian A. Barnhill, owned by Wilfred Barnhill, and insured by Maryland Casualty Company.
Plaintiff further alleged that on July 7, 1980, the automobile he was driving was negligently struck from the rear by a truck driven by David F. Boudreaux, owned by Henry P. Boudreaux, and insured by National General Insurance Company.
Alleging various injuries, plaintiff prayed for judgment in his favor and against all defendants, individually, jointly, and in soli-do for the amount of $185,000 together with legal interest from date of judicial demand and all costs.
All defendants filed dilatory exceptions of improper joinder of parties. The thrust *299 of this exception was that plaintiff’s petition, on its face, was based upon two separate and unrelated causes of action occurring more than three months apart and involving different parties. Appellants urged that there was no community of interest upon which a cause of action based on the two distinct incidents could be maintained.
The exceptions filed by defendants were argued, but were dismissed by the trial judge. From that judgment of dismissal defendants David F. Boudreaux, Henry P. Boudreaux, and National General Insurance Company appeal.
LSA-C.C.P. Art. 2083 provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
The judgment appealed from is clearly interlocutory. Furthermore, despite the claims of appellants, it is not clear that the bases for plaintiff’s suit are so distinct that to try them in one case would cause irreparable injury to defendants. The two incidents alleged were both rear end automobile collisions and they occurred within about three months of one another. Evidently, the trial judge believed that the trier of fact should determine which group of parties defendant, if either, were responsible for plaintiff’s injuries. We cannot say that his decision causes irreparable injury to either set of defendants or to appellants in particular. The motion to dismiss, filed by plaintiff, is granted.
APPEAL DISMISSED.
PONDER, J., concurs believing that the matter should be handled by writ.